UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MUHAMMAD FAROOQ,                                                 :
                                                                 :
                           Plaintiff,                  :
                                                                 :      MEMORANDUM & ORDER
            -against-                                :
                                                                 :      1:22-CV-5122 (ENV) (CLP)
                                                                 :
PORTFOLIO RECOVERY ASSOCIATES, LLC;                              :
EXPERIAN INFORMATION SOLUTIONS, INC.;                            :
and TRANS UNION, LLC,                                            :
                                                                 :
                         Defendants.                 x
----------------------------------------------------------------

VITALIANO, D.J.

       Plaintiff Muhammad Farooq filed this action against Portfolio Recovery Associates, LLC ("PRA"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") in Civil Court, Queens County, alleging violations of the Fair Credit Reporting Act ("FCRA") and the New York Fair Credit Reporting Act ("NY FCRA"). Defendants removed the action to this Court. They now move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

       Briefed by neither side, however, is the issue of Article III standing. As explained more fully below, in the absence of constitutional standing, the Court is without subject-matter jurisdiction to entertain this action or rule on defendant's motion. Accordingly, the action is remanded to Civil Court, Queens County, under case number 2022/011984.

Background[1]

       At its heart, the dispute is simple. Defendants claim that, at one time, plaintiff owed a debt to defendant PRA. Compl., Dkt. No. 1-2, ¶ 18. PRA could not collect that debt because the

---

[1] The background facts are taken from the Complaint and are presumed true for the purposes of deciding this motion.

1

statute of limitations had run.  *Id.* ¶ 20.  Nonetheless, defendants Transunion and Experian reported that debt on plaintiff's credit report with no explanation that the debt was unenforceable.  *Id.* ¶¶ 22–24.  Plaintiff claims that the defendants thus knowingly reported, and failed to remove upon his request, inaccurate information about him and that they failed to "conduct reasonable investigations," all in violation of FCRA §§ 1681s-2(b), 1681i, and NY FCRA §§ 380-f, j.  *Id.* ¶¶ 37–55.  Although he does not identify any third-party to whom defendants have disseminated this information, plaintiff prays for actual, statutory, and punitive damages.  *Id.* at 17.

## Discussion

Federal courts, unlike their state brethren, are courts of limited subject matter jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).  "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." *Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 424 (E.D.N.Y. 2017) (quoting *Martin v. Wal–Mart Stores, Inc.*, 709 F. Supp. 2d 345, 346 (D.N.J. 2010)).  Given their limited role in the judicial system established by our Constitution, federal courts have a continuing and independent duty to ensure that they possess subject matter jurisdiction and must dismiss a case—even *sua sponte*—when they find it lacking.  *Berger v. L.L. Bean, Inc.*, 351 F. Supp. 3d 256, 261 (E.D.N.Y. 2018) (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006)).

When a plaintiff's claim lacks Article III standing, the federal courts lack subject matter jurisdiction to hear his claim. *Cent. States Se. & Sw. Areas Health and Welfare Fund v. Merck–Medco Managed Care, LLC*, 433 F.3d 181, 197–98 (2d Cir. 2005); *Hillside Metro Assocs., LLC*

2

*v. JPMorgan Chase Bank, Nat'l Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014). Standing exists when (1) the plaintiff suffered a concrete, particularized injury-in-fact that is actual or imminent, not conjectural or hypothetical; (2) there is a causal link between the injury and complained-of conduct; and (3) it is likely that the injury will be redressed by a favorable decision. *Culwick v. Wood*, 384 F. Supp. 3d 328, 337 (E.D.N.Y. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Since it goes to the issue of the district court's power to hear such a case, the question of standing is properly addressed "at the outset of its analysis." *Green v. Forster & Garbus, LLP*, 19-CV-3550 (JS) (SIL), 2022 WL 939743, at *2 (E.D.N.Y. Mar. 29, 2022) (quoting *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018)) (alterations omitted).

In the watershed *Transunion LLC v. Ramirez* case, the plaintiff alleged that a credit reporting agency violated the Fair Credit Reporting Act by failing to ensure the accuracy of its credit reporting procedures. 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021). In reversing the Ninth Circuit, the Supreme Court held that, for purposes of Article III standing, it is not enough to allege that the defendant's conduct violated a federal law; a plaintiff seeking damages must show she was "concretely harmed by a defendant's statutory violation." *Id.* at 2205. Applying that rule, the Court found that the class members whose allegedly misleading or inaccurate credit reports were *not* disseminated to third-party creditors had not suffered a concrete injury-in-fact. *Id.* at 2210 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."). It also clarified that an alleged "informational injury"—there, the fact that the consumers received information "in the wrong format"—gives rise to standing only when it causes concrete, adverse consequences. *Id.* at 2214.

The Supreme Court's restatement of the rules governing constitutional standing in such cases is about as significant as rule restatements come.  In *Transunion*'s wake, the district courts of our Circuit have "uniformly held that absent specific allegations of reputational or monetary harm, plaintiffs lack constitutional standing" to bring suit under the FCRA.  *Spira v. TransUnion, LLC*, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022) (collecting cases).

Here, Farooq's complaint pleads his injury in only the most vague and conclusory language, alleging "impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration," Compl. ¶ 34; nowhere in the complaint is there an allegation of specific harm.  Failing to plead a concrete harm, Farooq's complaint is sucked into the vacuous jurisdictional whirlpool set in motion by *Transunion*.  *See Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (complaint that defendant's report of inaccurate information caused "loss of credit" and "mental and emotion pain, anguish, humiliation and embarrassment" fails to allege a concrete injury); *Biener v. Credit Control Servs., Inc.*, 21-CV-2809 (KMK), 2023 WL 2504733, at *7 (S.D.N.Y. Mar. 14, 2023) (the "mere risk of future harm" is not a concrete injury (quoting *Transunion*, 141 S. Ct. at 2210–13)).  Put simply, in the absence of a well-pleaded concrete harm, the Court is without authority to entertain Farooq's complaint and, accordingly, this case must be remanded to Civil Court.

<u>Conclusion</u>

For the reasons discussed above, this action is remanded to Civil Court, Queens County, under case number 2022/011984.

The Clerk of Court is directed to effectuate the remand.

So Ordered.

Dated: Brooklyn, New York
　　　　July 7, 2023

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Eric N. Vitaliano
　　　　　　　　　　　　　　　　　　　　　　　　ERIC N. VITALIANO
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge